■ ANNE REYNOLDS et al., Appellants, v WALTER HAIDUK, Respondent, et al., Defendant. [872 NYS2d 280]—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered November 27, 2007, as granted that branch of the motion of the defendant Walter Haiduk which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the

defendant Walter Haiduk which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action insofar as asserted against him and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order as, in effect, denied, as academic, those branches of the motion of the defendant Walter Haiduk which were for summary judgment dismissing the second and third causes of action and pursuant to CPLR 3211 (a) (5) to dismiss the third cause of action as time-barred, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the remaining branches of the motion of the defendant Walter Haiduk on the merits.

Following joinder of issue and the depositions of the plaintiffs and the defendant Walter Haiduk, Haiduk moved, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, for summary judgment dismissing the complaint insofar as asserted against him, and pursuant to CPLR 3211 (a) (5) to dismiss the third cause of action as time-barred. The Supreme Court was "unable to discern how the complaint state[d] a cause of action against" Haiduk, and granted that branch of his motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. The Supreme Court, in effect, denied, as academic, the remaining branches of the motion.

We agree with the Supreme Court that the first cause of action should be dismissed for failure to state a cause of action. However, we disagree with the Supreme Court that the second and third causes of action should be dismissed for failure to state a cause of action. Accordingly, we remit the matter to the Supreme Court, Westchester County, to decide the remaining branches of Haiduk's motion. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.